IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 FEB 11 P 5: 07

C. Robinson
CLERK
SO. DIST. OF GA.

JESUS ROBLES,

    Petitioner,

v.

UNITED STATES OF AMERICA;
BUREAU OF PRISONS; and
T. JOHNS, Warden,

    Respondents.

CIVIL ACTION NO.: CV512-137

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jesus Robles ("Robles"), an inmate currently incarcerated at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Robles named the Bureau of Prisons ("BOP"), the United States of America, and Warden Tracy Johns as Respondents.[1] Warden Tracy Johns ("Respondent") filed a Response. Robles filed a Traverse.[2] For the following reasons, Robles's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Robles was convicted in the district court for the District of Kansas of possession with intent to distribute 100 kilograms or more of a substance containing marijuana, in

---

[1] By a Report of even date, the undersigned recommended granting the BOP and United States of America's motion to dismiss, as they are improper respondents for Robles's petition.

[2] Robles's reply to the BOP and United States of America's motion to dismiss contains arguments that reply to Respondent's Response. (See Doc. No. 15). Consequently, that document also acts as Robles's Traverse.

violation of 21 U.S.C. § 841(a)(1). United States v. Cereceres-Morales, CR209-20034-3 (D. Kan.). The district court sentenced Robles to 64 months' imprisonment. Id.

In the instant petition, Robles asserts violations of his rights under the First and Fifth Amendments to the United States Constitution as well as a violation to his right to access the courts as a result of alleged interference with his legal mail by employees of D. Ray James. (Doc. No. 1, pp. 4–7). Robles seeks immediate release from confinement. (Doc. No. 1, p. 7). Respondent contends that Robles's petition should be dismissed as improperly brought pursuant to § 2241.

## DISCUSSION AND CITATION TO AUTHORITY

When a prisoner challenges "the fact of his conviction or the duration of his sentence," those claims "fall within the core of habeas corpus" petitions. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (internal punctuation and citation omitted). "By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core and may be brought pursuant to" a civil rights action. Id. (citations omitted). The results of a successful habeas corpus petition and a successful civil rights action vary greatly. Habeas corpus "traditionally has been accepted as the specific instrument to obtain release from unlawful confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (internal punctuation and citation omitted). Successful constitutional challenges to the conditions of a prisoner's confinement, however, entitle the prisoner only to a correction of the unconstitutional conditions, not to release from confinement. Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (citations omitted).

2

Robles asserts violations of his rights under the First and Fifth Amendments to the United States Constitution as well as a violation to his right to access the courts as a result of alleged interference with his legal mail. (Doc. No. 1, pp. 4–7). Despite his sought after relief, immediate release from confinement, (Doc. No. 1, p. 7), Robles does not directly attack the legality of his conviction or sentence; instead, he attacks the alleged actions of individuals at D. Ray James and the alleged effect those actions had on his ability to pursue a direct appeal of his conviction. Consequently, Robles's claims do not fall within the ambit of a habeas corpus petition. Robles's claims are more appropriately brought in a civil rights action.[3]

To the extent that Robles does attack the legality of his conviction or sentence by arguing that the alleged interference with his legal mail hindered his ability to pursue a direct appeal of his conviction,[4] Robles is still not entitled to bring his claims in a § 2241 habeas petition. Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a prisoner seeking to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). A prisoner may attack his conviction or sentence by filing a habeas petition pursuant to § 2241 only when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255

---

[3] Robles has already been informed by this Court that such an action would be appropriately brought only in state court. See Robles v. Stine, CV511-109 (dismissing Robles's complaint brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)).

[4] Robles states that he "is in custody in violation of the Constitution or laws or treaties of the United States of America – because his inability to adequately appeal his criminal case renders current conviction invalid and the application thereof of his sentences at D. Ray James otherwise, not in accordance to the 'laws and the Constitution of the United States'." (Doc. No. 15, pp. 4–5).

3

remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted). Robles currently has a pending § 2255 motion. United States v. Cereceres-Morales, CR209-20034-3, Doc. No. 235. Consequently, Robles cannot show that the remedy provided by § 2255 is inadequate or ineffective as to his claims.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Robles's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 11th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)