IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JESUS ROBLES,               :

       Petitioner,     :

       v.            :     CIVIL ACTION NO.: CV512-137

UNITED STATES OF AMERICA;   :
BUREAU OF PRISONS; and     :
T. JOHNS, Warden,        :

       Respondents.    :

## O R D E R

Petitioner Jesus Robles ("Robles") filed Objections to the Magistrate Judge's Report dated February 11, 2013, which recommended that Robles' 28 U.S.C. § 2241 petition be dismissed. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Robles asserts that the claims brought in his § 2241 petition are not claims concerning the conditions of his confinement or the fact or duration of his conviction or sentence. Robles states, "the issue here is the Error of D. James [sic] interfering with petitioner's legal mail – the error a fundamental [factor] or cause and whether that fundamental factor prejudiced [the petitioner] in his legal proceedings – specifically that of his criminal appeal. And whether he was prejudiced thereby in the outcome of such proceedings. Consequently, making petitioner's imprisonment

unlawful. And thus he challenges the way his his [sic] sentence is being executed." (Doc. No. 20, p. 4) (all brackets in original).

The Magistrate Judge properly characterized Robles' claims. Robles asserts violations of his rights under the First and Fifth Amendments to the United States Constitution as well as a violation to his right to access the courts as a result of alleged interference with his legal mail. (Doc. No. 1, pp. 4–7). As the Magistrate Judge stated, when a prisoner challenges "the fact of his conviction or the duration of his sentence," those claims "fall within the core of habeas corpus" petitions. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (internal punctuation and citation omitted). "By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core and may be brought pursuant to" a civil rights action. Id. (citations omitted). Robles's claims do not fall within the ambit of a habeas corpus petition because they do not attack the legality of his conviction or sentence; instead, he attacks the alleged actions of individuals at D. Ray James and the alleged effect those actions had on his ability to pursue a direct appeal of his conviction. Robles's claims are more appropriately brought in a civil rights action.

The Magistrate Judge also determined that, to the extent that Robles does attack the legality of his conviction or sentence by arguing that the alleged interference with his legal mail hindered his ability to pursue a direct appeal of his conviction, Robles is still not entitled to bring his claims in a § 2241 habeas petition because those claims should be brought in a motion pursuant to 28 U.S.C. § 2255. The undersigned agrees.

2

Robles' Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Robles' 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this _____ day of _____, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)